JOHN PRATT, PLAINTIFF AND APPELLEE, v. UNION NA-
TIONAL BANK, DEFENDANT AND APPELLANT.

Submitted July 2, 1909—Decided December 23, 1909.

1. The act approved April 13th, 1908 (*Pamph. L., p.* 428), providing that no bank shall be liable to a depositor for the payment by it of a forged or raised check, unless within one year after the return to the depositor of the voucher of such payment such depositor shall notify the bank that the check so paid was forged or raised, is prospective and not retroactive.

2. Where a depositor in a bank has drawn upon his account by a check which has been paid to some one other than the payee, by reason of the forgery of the latter's endorsement, a demand for the payment of the canceled forged check is not a condition precedent to the depositor's suit for his deposit.

3. The rule requiring demand on banks before suit is brought for deposits does not extend to cases where the bank has disclaimed liability or where for any other reason the demand would manifestly be futile.

4. A depositor in a bank is not precluded from recovery in a suit for his deposit by his failure to discover and report that his payee's endorsement on a check returned to him with the balanced pass-book, and charged to his account in the pass-book, was forged, when it appears that he did not know his payee's signature and there is no reason for claiming that he ought to have known it.

5. A depositor's delay in giving notice to the bank of the forged endorsement of his check after he discovers it, will not be a defence against his action against the bank to recover the amount of the check, unless the bank was injured by the delay.

On appeal from the District Court of Atlantic City.

Before Justices Swayze, Trenchard and Minturn.

For the appellant, *Theodore W. Schimpf.*

For the appellee, *Eli H. Chandler.*

The opinion of the court was delivered by

Trenchard, J.   John Pratt, the plaintiff below, was a depositor in the Union National Bank of Atlantic City.

On August 9th, 1906, he issued a check on that bank for $120.77, to the order of George W. Nock, and mailed it to Nock in Philadelphia in part payment of an open account. The check was received at Nock's place of business and his endorsement forged thereon by some person in his office. It was negotiated through several hands and was finally presented to the Union National Bank and paid by it September 11th, 1906.

On November 7th, 1906, the bank returned the canceled check to Pratt with his balanced pass-book.

It appears by the testimony that "early in the spring of 1908, it might have been later," Nock notified Pratt by letter of the forgery, and, afterwards, on May 23d, 1908, he obtained the check from Pratt, giving him a receipt for it, and presented it to the bank, demanding payment, which was refused, the bank disclaiming any liability.

On October 24th, 1908, this suit was brought in the Atlantic City District Court, and the judge, sitting without a jury, rendered a judgment for the plaintiff. The defendant appeals.

At the outset, we remark that it may well be that the record before us presents no legal questions.   There seems to

have been no request to find and no objection to the actual finding.

But, considering the questions argued, we think the judgment is right.

First, it is said that there can be no recovery because no notice was given to the bank of the forgery within one year after the return to the depositor of the voucher.

It is true that the act of April 13th, 1908 (*Pamph. L., p.* 428), provides that "no bank shall be liable to a depositor for the payment by it of a forged or raised check, unless within one year after the return to the depositor of the voucher of such payment such depositor shall notify the bank that the check so paid was forged or raised." It is also true that the act provides that it shall take effect immediately.

The important question is whether the act has any application to the case at bar. That depends upon whether it is intended to be retrospective, or prospective only.

We think it is prospective only.

It is a rule of construction that all statutes are to be considered prospective, unless the language is express to the contrary, or there is a necessary implication to that effect. *Harvey* v. *Tyler,* 2 *Wall.* 328, 347; *United States* v. *Heth,* 3 *Cranch* 399, 413; *Warshung* v. *Hunt,* 18 *Vroom* 256; affirmed, 19 *Id.* 613.

The statute in question contains no express language indicating that it is to have a retroactive effect, nor is there any such necessary implication. The action in question accrued before the statute was enacted. To give it effect in this case would deprive the plaintiff of his existing remedy, for he did not discover the forgery until after the time limited by the statute had elapsed. It will be presumed that such was not the intent of the legislature. To avoid such a result we should give the statute a prospective operation. We are of the opinion, therefore, that it does not affect this suit.

Secondly, it is contended that the judgment should be reversed, "because the evidence shows that no demand was ever made *by the plaintiff or anyone in his behalf* upon the defendant *for the payment of the check.*"

But· it is to be observed that the subject-matter of the action is not the forged check, but the money of the plaintiff deposited in the bank. A deposit being a loan payable on demand, the depositor may not, as a general rule, maintain an action to recover his deposit until he has first made a demand for its payment. But where, as in this case, he has drawn upon the account by check which has been paid to some one other than the payee, by reason of the forgery of the latter's endorsement, a demand *for the payment of the canceled, forged check* is not a condition precedent· to the depositor's suit for his deposit.

The question which the defendant probably intended to raise, and has argued, was whether the action for the deposit could be maintained in the absence of a demand for its payment.

We have pointed out that as a general rule demand must be made. The reason for the rule is that when banks are ready and willing to pay on demand, they shall not be annoyed by suit. The implied contract is that the banks shall keep a deposit until called for and until the bank refuses to. pay on demand, they are not in default. *Titus & Scudder* v. *Mechanics National Bank,* 6 *Vroom* 588. But where the bank has disclaimed liability or where for any other reason the demand would manifestly be futile, none need be made. *Titus & Scudder* v. *Mechanics National Bank, supra; Sutcliffe* v. *McDowell,* 2 *Nott & M.* (*S. C.*) 251; *Lilley* v. *Miller, Id.* 257; *Farmers, &c., Bank* v. *Planters Bank,* 10 *Gill & J.* (*Md.*) 422; *State Bank* v. *Benoist,* 10 *Mo.* 519; *Miller* v. *Western National Bank,* 172 *Pa. St.* 197.

In the present case the bank repeatedly denied its obligation with respect to the moneys represented by the returned check. To make another demand by check, or otherwise, would .have been an absurd and useless form.

Thirdly, it is urged that the plaintiff is precluded from recovery by an account stated between the parties.

The argument is that the plaintiff was put in possession of his balanced pass-book and vouchers by the bank on November 7th, 1906, and his silence with respect to the forged en-

dorsement on the check, converted it into an account stated, by reason of the plaintiff's negligence in failing to exercise reasonable diligence in discovering the forged endorsement. But the underlying principle is that, having paid the check, the bank cannot charge the amount against the depositor, unless it shows a right to do so on the doctrine of estoppel or because of some negligence chargeable to the depositor. The return to the depositor of his check with a forged endorsement, together with his balanced pass-book, casts on him only the duty of reasonable care and diligence to examine the vouchers and account as stated by the bank and to inform the bank of any errors thus discoverable. *Harter* v. *Mechanics National Bank,* 34 *Vroom* 578. But reasonable diligence in the examination of the pass-book and vouchers may often be entirely ineffectual to discover forged endorsements. It will always be so when the depositor is unacquainted with the handwriting of the payee or other persons who endorse his checks. In the case at bar, it appeared that the plaintiff was not in fact acquainted with his payee's signature, and there is no ground for claiming that he ought to have known it. He therefore did not fail in duty to the bank by not discovering the forgery on the return of the check. Indeed, he was entitled to assume that the bank, before paying the check, had ascertained the genuineness of the payee's apparent endorsement. *Harter* v. *Mechanics National Bank, supra.*

Lastly, it is said that the plaintiff is estopped from recovery by his failure to give notice within a reasonable time to the defendant of the forgery of the payee's signature after the discovery thereof.

It does not appear at what precise date the plaintiff first discovered the forgery. It may have been early in the spring of 1908. It may have been later. He notified the bank on May 23d, 1908.

This judgment was rendered by the trial judge, sitting without a jury, and in order to reverse it on this ground, we would be required to say, as a matter of law, that the delay was an unreasonable one. This it seems to us, considering the

state of the testimony, we cannot do. But assuming, without deciding, that there was an unreasonable delay on the part of the plaintiff in reporting the forgery after discovery, there remains for consideration the question whether it must appear, in order to preclude plaintiff's recovery, that, because of such negligent failure to give notice, the bank was prejudiced in its right of action against the forger or other third parties.

While there is some conflict in the cases, yet the rule established by the great weight of authority is that a depositor's delay in giving notice to the bank of the forged endorsement of his check after he discovers it, will not be a defence to his action against the bank to recover the amount of the check, unless the bank was injured by the delay. *Janin* v. *London and S. F. Bank,* 92 *Cal.* 14; *Brixen* v. *Deseret National Bank,* 5 *Utah* 504; *Third National Bank* v. *Merchants National Bank,* 76 *Hun* 475; *Wind* v. *Fifth National Bank,* 39 *Mo. App.* 72; *Hardy* v. *Chesapeake Bank,* 51 *Md.* 562; *Murphy* v. *Metropolitan National Bank,* 191 *Mass.* 159; *Weinstein* v. *National Bank,* 69 *Tex.* 38; *United States* v. *National Bank,* 2 *Mackey* 289.

The doctrine of the responsibility of the depositor to his bank for the result of failure promptly to notify it of the forgery was held in *Hardy* v. *Chesapeake Bank, supra,* to rest upon the principle of an estoppel *in pais,* which may be invoked to prevent injustice only by one who can show that he has acted or refrained from acting by the conduct of another which would ordinarily influence other persons; and the court, relying on this doctrine, held that it was incumbent upon the bank to show that it had been actually misled to its injury by the conduct of the depositor.

There is no presumption of disadvantage to the bank; that must be affirmatively shown. *Wind* v. *Fifth National Bank, supra.* The burden of proof that the bank sustained damage or injury by the negligence of the depositor is upon the bank. This it must show by evidence having some reasonable tendency to establish such fact. Mere conjecture or surmise is not sufficient. There must be evidence

from which a rational mind can reasonably draw from it the conclusion that the bank sustained some loss or that its position with reference to the check or its right to recover against the forger or other third parties was in some manner changed to its disadvantage because of not having earlier notice. In such case a jury question is presented. *Janin* v. *London and S. F. Bank, supra; Weinstein* v. *National Bank, supra.*

Since in the present case there was no evidence and no attempt to show that the bank was injured or its rights affected by the delay, clearly the plaintiff is not estopped from recovery because of such delay.

The judgment of the court below will be affirmed.