PEOPLE ex rel. DURHAM REALTY CORPORATION, Relator, *v.* EDWARD B. LA FETRA, a Justice of the City Court of the City of New York, Respondent.

(Supreme Court, New York Special Term, December, 1920.)

Mandamus — when application for a peremptory writ of, denied — constitutional law — Constitution (art. III, § 15) — Laws of 1920, chap. 942.

>    The Constitution (art. III, § 15) which does not prescribe any particular form of method of certification by the governor to the necessity of the immediate passage of a bill, was not violated in the enactment of chapter 942 of the Laws of 1920.

MOTION for a peremptory writ of mandamus.

Stoddard & Mark (George L. Ingraham, John M. Stoddard and Alexander C. McNulty, of counsel), for motion.

John P. O'Brien, Corporation Counsel (George P. Nicholson and Russell Lord Tarbox, of counsel), opposed.

Charles D. Newton, Attorney-General, opposed.

William D. Guthrie and Julius Henry Cohen, Special Deputy Attorneys-General, opposed.

Elmer G. Sammis and Bernard Hershkoff, for the Joint Legislative Committee on Housing, opposed.

GIEGERICH, J.  This application for a peremptory writ of mandamus rests upon the proposition that chapter 942 of the Laws of 1920, being a part of the recent emergency housing legislation, is unconstitutional.  The chief grounds of that contention are considered in *People ex rel. Brixton Operating Corp.* v. *La Fetra,* 113 Misc. Rep. 527.  But the further contention is made here that section 15 of article III of the Constitution of this state was violated in the manner in which the act was passed.  Without attempting to discuss the numerous points and authorities drawn to my attention in the briefs, I content myself with stating my conclusions upon one or two points which, if my views are correct, necessarily determine the controversy.  The section of the Constitution in question does not prescribe any particular form of method of certification by the governor to the necessity of the immediate passage of the bill. A message to the senate was therefore a certification of the fact sufficient to meet the requirements of the Constitution.  No further certification to the assembly was necessary.  The original message sufficiently identified the bill to which he referred and there is nothing in the constitutional provision to prevent the amendment to the bill in the course of its passage through either or both houses of the legislature after the governor's certificate of necessity has been issued. Application denied, with fifty dollars costs.

Application denied.