810 West End Avenue, Inc., Appellant, v. Henry R. Stern,
Respondent.

First Department, December 24, 1920.

See head note in *Guttag* v. *Shatzkin* (*ante*, p. 509).

Appeal by the plaintiff, 810 West End Avenue, Inc., from
an order of the Supreme Court, made at the New York
Special Term and entered in the office of the clerk of the
county of New York on the 26th day of November, 1920,
denying plaintiff's motion for judgment on the pleadings,
consisting of the complaint and a demurrer thereto, under
section 547 of the Code of Civil Procedure.

*Louis Marshall* [*Lewis M. Isaacs* with him on the brief], for
the appellant.

*William D. Guthrie* and *Julius Henry Cohen, Special Deputy
Attorneys-General* [*Raymond L. Wise* of counsel], *Elmer G. Sam-
mis* and *Bernard Hershkopf*, counsel for the Joint Legislative
Committee on Housing, as *amici curiæ*, for the respondent.

*David L. Podell*, as *amicus curiæ*.

*Joseph Seidman* for Marcus Brown Holding Co., Inc., as
*amicus curiæ*.

Laughlin, J.:

The complaint alleges that the plaintiff is a domestic cor-
poration; that heretofore and prior to December 8, 1919, the
defendant entered into possession of an apartment in the
building known as 808 West End avenue, pursuant to an
agreement between the defendant and 808 West End avenue,
Inc., the then owner of the premises, and has since remained
in possession; that the said agreement provided among other
things that the term should end on September 30, 1920, and
that at the end of the term the defendant should deliver up the
premises in good condition, and that the landlord should have
the right of re-entry for breach by the said defendant of any
covenant of the said lease, a copy of which is annexed to the
complaint; that on the 8th day of December, 1919, the said

premises were conveyed to the plaintiff, and the plaintiff is now seized in fee thereof; that the said apartment was leased to the defendant as a private dwelling only; that the defendant refused to give up the said apartment at the termination of the lease on September 30, 1920; that acting on the authority of chapter 947 of the Laws of 1920 (adding to Code Civ. Proc. § 1531a), the defendant is depriving the plaintiff of the possession of said property, and insists that the plaintiff's right to recover possession has been suspended until November 1, 1922; that plaintiff is not seeking to recover the property because defendant is objectionable, nor to demolish the premises in order to erect a new one in its place, nor are the premises a building in the course of construction, nor have the premises been sold to a corporation formed under any cooperative ownership plan; that at the same session of the Legislature in 1920 which passed chapter 947, chapter 942 (adding to Code Civ. Proc. § 2231, subd. 1a) was enacted, which amended the Code of Civil Procedure relating to summary proceedings for the recovery of possession of real property in cities having a population of 1,000,000 or more by providing that no such proceedings could be had excepting the cases specifically referred to, and which, as shown by the allegations immediately preceding, are not applicable to this case; that by reason of passage of said statutes the right of the plaintiff to recover possession of these premises is sought to be taken away for a period of more than two years, and no remedy has been created by the Legislature in the place of the remedies suspended, and no other adequate remedy exists; that by reason of the premises, chapter 947 of the Laws of 1920 is null and void, in that it deprives the plaintiff of its property without due process of law, in violation of article 1, section 6, of the Constitution of the State of New York, and violates section 1 of the Fourteenth Amendment of the Constitution of the United States by depriving the plaintiff of the equal protection of the laws, and violates article 1, section 10, of the United States Constitution by impairing the obligation of the contract between the defendant and the plaintiff's grantor, and deprives the Supreme Court of the State of New York of its jurisdiction in law in violation of article 6, section 1, of the Constitution of the State. The prayer for relief is for possession of the premises.

The defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The facts here presented do not materially differ from those presented in *Guttag* v. *Shatzkin* (194 App. Div. 509), argued and to be decided herewith, and the arguments against the validity of the statute and in support of it are to the same effect and do not require separate consideration.

It follows that on the authority of our decision in the other action, to which reference has been made, the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, but with leave to the defendant to withdraw his demurrer and to answer on payment of costs of the appeal and of the motion.

CLARKE, P. J., and DOWLING, J., concur; GREENBAUM, J., concurs in result; MERRELL, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant to withdraw demurrer and to answer on payment of said costs.