THE RAILROAD CO-OPERATIVE BUILDING AND LOAN ASSOCIATION, Plaintiff, *v.* BOSTON BUILDING ESTATES, INC., and Others, Defendants.*

Supreme Court, Bronx County, November 3, 1933.

* See, also, *McCarty* v. *Prudence-Bonds Corp.* (149 Misc. 13); *Shervin* v. *Jonas* (Id. 481).

*Crandall, Grant & Williams*, for the plaintiff.

*Horstmann & Kozinn*, for the defendant.

HAMMER, J. The relief sought is for an order vacating the judgment of foreclosure in the above matter and setting aside the sale of the real property, or in the alternative, fixing the fair and reasonable market value of the mortgaged premises as of the date of sale or such nearest earlier date as there shall have been any market value therefor and directing the entry only of such deficiency, if any, as shall be found by the court, and if no deficiency is found, directing the cancellation and discharge of the deficiency judgment of $1,190.46 entered on September 14, 1933. The relief is sought under the new section 1083-a of the Civil Practice Act, chapter 794 of the Laws of 1933, a part of what is known as the mortgage foreclosure moratorium laws. The act became a law on August 28, 1933.

Summary judgment was directed on June 29, 1933. Judgment of foreclosure and sale was entered in the office of the clerk of the county of Bronx on July 5, 1933. A copy thereof with notice of entry was served on the defendant Boston Building Estates, Inc., the obligee on the bond, on July 24, 1933. The property was duly sold by the referee on August 22, 1933. This defendant claims section 1083-a entitles it to the relief sought. Plaintiff asserts the provisions thereof either are not applicable or if they are retroactive they render the law unconstitutional and void.

A statute is retroactive in a civil sense when it impairs the obligation of a contract or deprives a party of a remedy which existed when the contract was made. (*Burch* v. *Newbury*, 10 N. Y. 374; *Van Rensselaer* v. *Smith*, 27 Barb. 104; affd., *Van Rensselaer* v. *Hayes*, 19 N. Y. 68; *Van Rensselaer* v. *Ball*, Id. 100; *Bay* v. *Gage*, 36 Barb. 447; *People* v. *Suprs. of Ulster County*, 63

id. 83.) Retrospective laws which merely vary remedies or cure defects and proceedings otherwise fair are not unconstitutional. (*People* v. *Suprs. of Ulster County, supra;* revd., *People* v. *Ulster County Suprs.*, 65 N. Y. 300.) A retroactive law is invalid when it is retrospective and attempts to take away or impair rights vested under existing laws or valid contracts or when it creates a new obligation or attaches a new disability to transactions already past. Laws, civil or criminal, must be prospective, and cannot have a retroactive effect. An act of the Legislature is not to be construed to operate retrospectively, so as to take away a vested right. Statutes not expressly retrospective in terms are not to be construed so as to affect past transactions, especially where such construction would work injustice or disturb vested rights. (*Dash* v. *Van Kleek*, 7 Johns. 477; *Sayre* v. *Wisner*, 8 Wend. 661. See *Livingston* v. *Livingston*, 173 N. Y. 577, affg. 74 App. Div. 261; 11 N. Y. Ann. Cas. 292.) The Laws of 1920, chapter 947 (Emergency Rent or Housing Laws), suspending a landlord's remedy of summary proceedings, did not impair the obligation of the contract of lease between him and the tenant in violation of the United States Constitution, article 1, section 10. (*810 West End Avenue* v. *Stern*, 230 N. Y. 652, revg. 194 App. Div. 521; affd., 258 U. S. 242; 66 L. Ed. 595; 42 S. Ct. 289.) The defenses given tenants by those emergency laws, not available at the time the tenancies were created, the suspension of certain remedies for the recovery of possession by landlords, and the regulation of rents of dwellings did not impair the obligation of contracts, as applied to leases existing when the laws were enacted, notwithstanding such leases contained express or implied obligations to surrender possession at the expiration of the term, and even though the parties had contracted or stipulated that a warrant would issue in dispossess proceedings upon breach. (*Levy Leasing Co.* v. *Siegel*, 230 N. Y. 634; affd., 258 U. S. 242; 66 L. Ed. 595; 42 S. Ct. 289, affg. 194 App. Div. 482; *Clemilt Realty Co.* v. *Wood*, 230 N. Y. 646, affg. 194 App. Div. 508; *People ex rel. Durham Realty Corp.* v. *La Fetra*, 230 N. Y. 429; 16 A. L. R. 152, affg. 195 App. Div. 280; which affd. 113 Misc. 536; *People ex rel. Brixton Operating Corp.* v. *La Fetra*, 194 App. Div. 523, affg. 113 Misc. 527; error dismissed, 257 U. S. 665; 42 S. Ct. 47; 66 L. Ed. 424.) Laws in respect of remedies are not retroactive and void unless there is substantial impairment of the means of enforcement of the contractual obligation. (*Sliosberg* v. *N. Y. Life Ins. Co.*, 244 N. Y. 482, affg. 217 App. Div. 67; *People ex rel. Brixton Operating Corp.* v. *La Fetra*, 194 id. 523, affg. 113 Misc. 527; affd., 230 N. Y. 429; error dismissed, 257 U. S. 665; 42 S. Ct. 47; 66 L. Ed. 424.)

A statutory stay impairing a remedy for a limited period or for a reasonable and definite time is not invalid as retroactive. (*Sliosberg* v. *N. Y. Life Ins. Co.*, *supra*.) The declaratory language used in chapter 794, effective August 28, 1933, is as follows. " That a serious public emergency affecting and threatening the welfare, comfort and safety of the people of the state and resulting from the abnormal disruption in economic and financial processes, the abnormal credit and currency situation in the state and nation, the abnormal deflation of real property values and the curtailment of incomes by unemployment and other adverse conditions, exists. Therefore, in the public interest, the necessity for legislative intervention by the enactment of the provisions hereinafter prescribed, and their application until July first, nineteen hundred thirty-four, is hereby declared as a matter of legislative determination."

The very first sentence of the Civil Practice Act, section 1083-a, reads. " No judgment shall be granted for any residue of the debt remaining unsatisfied as prescribed by the preceding section *where the mortgaged property shall be sold during the emergency*, except as herein provided." (Italics mine.) This law by this very sentence read in conjunction with the last sentence of the declaration above quoted is made prospective and definite. It is rendered applicable during the period of the declared emergency, *i. e.*, from the date the law became effective, August 28, 1933, until July 1, 1934. This period appears to be reasonable under the conditions existing at and prior to August, 1933, and which continue to exist. It is my opinion that the section is a rule of future conduct, prospective and not retrospective, is based upon reason for the common good and that none of its provisions impair any accrued or vested right.

It appears then that since the sale here took place on August twenty-second, six days before the law (§ 1083-a) went into effect, the plaintiff has acquired rights which, in the absence of fraud, unfair dealing or other inequities occurring at or in respect of that very sale (as distinguished from general conditions due to depression), none of which are shown here, neither the court, the Executive, nor the Legislature has the power to abridge. Motion denied.