LOUIS SEIDMAN, PLAINTIFF-APPELLEE, v. NORTH CAMDEN TRUST COMPANY, DEFENDANT-APPELLANT.

Submitted January 17, 1939—Decided July 5, 1939.

Before Justices Trenchard, Parker and Perskie.

For the plaintiff-appellee, *Rose & Epstein.*

For the defendant-appellant, *Kenworthy & Clark* (*Bennett Clark,* of counsel).

The opinion of the court was delivered by

Trenchard, J. This is the appeal of the defendant below from plaintiff's judgment rendered by the trial judge, sitting without a jury, in a suit to recover $270 alleged to have been improperly paid by the defendant trust company upon a forged endorsement to a check made by the plaintiff.

The sole ground of appeal is the denial of the motion made at the conclusion of the case for a directed verdict in favor of the defendant (*i. e.,* a motion for judgment on the ground that no issue of fact was presented justifying a finding of liability of the defendant), it being asserted in the motion (1) "that under the Negotiable Instruments act" the instrument was made payable to bearer; (2) that "under the facts

an estoppel has been worked and plaintiff is deprived of his right of action;" and (3) that there was "no proof that the endorsement of the payee is a forgery."

We believe that the motion was properly denied.

Generally, a bank is liable to the drawer of a check for paying it on a forged endorsement, in the absence of estoppel, contributory negligence, or ratification, or unless the money has reached the intended person. 9 *C. J. S.* 734, § 356; *Board of Education* v. *National Union Bank,* 121 *N. J. L.* 178; 1 *Atl. Rep.* (*2d*) 383; *Harter* v. *Mechanics Bank,* 63 *N. J. L.* 578; 44 *Atl. Rep.* 715; *Pratt* v. *Union National Bank,* 79 *N. J. L.* 117; 75 *Atl. Rep.* 313; *Pannonia Building and Loan Association* v. *West Side Trust Co.,* 93 *N. J. L.* 377; 108 *Atl. Rep.* 240.

At the outset of the trial the following admission in the nature of a stipulation was made: "The defendant admits that there was cash there to cash the check, and they claim that this was practically a bearer check because of the peculiar spelling of the payee's name, and, therefore, they had a right to cash it, and that it was not the Gordon O'Neill, Inc., for whom it was intended."

Now we think that such admission and other substantial evidence at the trial to the effect that the plaintiff delivered the check to a stranger who falsely represented himself to be from Gordon O'Neill Co., Inc., a creditor of the plaintiff for whom the check was intended, and that such check was cashed by the bank by paying it to such stranger after the latter had endorsed it, justified the trial court, sitting without a jury, in finding as a fact that the endorsement was a forgery, and such finding is conclusive on appeal.

Also, we think that on the proofs the trial judge was justified in finding that the check was not a "bearer check." The statute, *R. S.* 7:2-9, ¶ 3, provides: "The instrument is payable to bearer * * * when it is payable to the order of fictitious or non-existing person and such fact was known to the person making it so payable * * *."

The early English cases which first formulated the rule that a bill payable to a fictitious person is by legal intendment payable to bearer, and may be transferred without

endorsement, clearly make the knowledge on the part of the drawer of the fictitious character of the payee a condition of the rule. 7 *Am. Jur.* 841.

It will be observed that the drawer's belief that the payee is a real and not a fictitious person makes inapplicable the rule of the law merchant, embodied in the Uniform Negotiable Instruments act, that an instrument made payable to the order of a fictitious or non-existent person is in legal effect payable to bearer, since that rule only applies when the fictitious character of the payee is known to the drawer. 7 *Am. Jur.* 843, § 101, citing many cases among which are: *Los Angeles Invest. Co.* v. *Home Sav. Bank,* 180 *Cal.* 601; 182 *Pac. Rep.* 293; 5 *A. L. R.* 1193; *Seaboard National Bank* v. *Bank of America,* 193 *N. Y.* 26; 85 *N. E. Rep.* 829; 22 *L. R. A. (N. S.)* 499.

In the present case the evidence tended to show that the plaintiff-appellee gave a check to Gordon O'Neill Co., Inc., which was returned for insufficient funds. To replace this check, the check in question made payable to "Gordon O'Neill" was given to one who held himself out to be a representative of the Gordon O'Neill Co., Inc. The court below in denying the motion was justified in holding in effect that the check was not intentionally and knowingly made to a non-existing or fictitious person. Within the terms of the statute a name is "fictitious" when it is feigned or pretended, and a "non-existent" person is one who does not exist in the sense that he was not intended to be the payee by the drawer. *Commonwealth* v. *Globe Indemnity Co. (Sup. Ct., Pa.),* 185 *Atl. Rep.* 796. In drawing the check in question to the order of the payee, the evidence tended to show that the drawer was not intending that an imaginary person or non-existent person should as the payee take the check. It was therefore open to the trial judge, sitting without a jury, to find that the check in question was not payable to bearer. As we have seen, the testimony was that the plaintiff-appellee intended that Gordon O'Neill Co., Inc., was the person or corporation who was to receive the proceeds of the check in question; that the check was to make good one given in payment of a merchandise account to Gordon O'Neill Co., Inc.

Finally, the defendant-appellant contends that the motion for a directed verdict should have been granted because "an estoppel has been worked and plaintiff is deprived of his right of action."

We think not. It was open to the judge to find that the officials of the bank were negligent in the cashing of the check. As we have seen, the evidence tended to show that the plaintiff intended the check to be payable to Gordon O'Neill Co., Inc., as was the original check which had been returned because of insufficient funds and to replace which the check in question was given later in the day. The evidence tended to show that the bank officials made no attempt to determine if the impostor was authorized to cash the check in question; that they did not ask for any identification of the stranger; that no attempt whatsoever was made to find out who the person was, or if he was authorized to endorse and cash the check, or was otherwise entitled to the proceeds. It also tended to show that the defendant knew, or reasonably should have known, the impostor was not the intended payee, and that in fact the plaintiff intended Gordon O'Neill Co., Inc., his creditor, to be the payee.

Also we think that plaintiff's error in omitting the words "Co., Inc.," did not preclude plaintiff's recovery. The evidence justified the finding of the trial judge that it was the bank's negligence which caused the loss; and the mere fact that the plaintiff erred in writing payee's name in an abbreviated form did not render the check payable to a fictitious person within the meaning of the Uniform act providing that checks payable to fictitious or non-existent persons are payable to bearer. *Joseph Milling Co.* v. *First Bank,* 109 *Oreg.* 1; 216 *Pac. Rep.* 560; 29 *A. L. R.* 358; *Board of Education* v. *National Union Bank,* 121 *N. J. L.* 177; 1 *Atl. Rep.* (*2d*) 383.

The judgment will be affirmed, with costs.