MAX E. BLOCH, as Trustee in Bankruptcy of MELBOURNE SHIRT
   Co., INC., Appellant, *v.* CHARLES SCHWARTZ et al., Defendants,
   TRADE BANK OF NEW YORK, Defendant-Respondent, and
   NATIONAL CITY BANK OF NEW YORK et al., Impleaded
   Defendants.

First Department, May 21, 1943.

*Henry W. Holzman* of counsel (*Ephraim S. London* with him on the brief; *London, Simpson & London,* attorneys), for appellant.

*Arthur S. Cowen* of counsel (*Edward Gettinger* with him on the brief; *Gettinger & Gettinger,* attorneys), for respondent.

TOWNLEY, J.  Plaintiff, trustee in bankruptcy of Melbourne Shirt Company, Inc., has brought this action to recover moneys belonging to the bankrupt estate.  It is alleged that between January 6, 1938, and February 10, 1938, the bankrupt drew five checks each in the sum of $400, to the order of defendant, Celia Schwartz.  It is claimed that each of the said checks was improperly issued, that the said Celia Schwartz denies endorsing the checks or that she authorized their endorsement, and that by reason thereof either the defendant Celia Schwartz or the defendant Trade Bank of New York is liable for the payment of the bankrupt's funds upon a forged endorsement of the name of the payee.

The defendant, Trade Bank of New York, has pleaded as its seventh defense section 43 of the Negotiable Instruments Law which became effective March 13, 1941.  This section provides as follows:

"Forged or unauthorized endorsements.

" No national bank or banking organization as defined in the banking law shall be liable to a depositor for the payment by it of a check bearing a forged or unauthorized endorsement unless, within two years after the return to the depositor of the voucher of such payment, such depositor shall notify the bank that the check so paid bore such forged or unauthorized endorsement."

" This act shall take effect immediately."

No demand for payment was made on the defendant bank until August 6, 1941, at a time when, if section 43 (*supra*) is to be made retroactive in its effect, more than two years had passed since the return of the vouchers involved in this suit.

The question presented on this appeal is whether defendant can avail itself of the protection afforded by this section.

In Wood on Limitations, volume 1, 4th edition, page 72, the rule is stated: " The legislature has the same power to shorten an existing limitation of actions on causes already accrued as it has to create a new limitation, so long as it provides for a reasonable time in which actions may be brought after the new limitation becomes effective."

It is also well settled that a statute will not be given a retroactive construction unless an intention to make it retroactive is to be deduced from its wording. Such intent will not be so deduced unless its language, either expressly or by necessary implication, requires that it be so construed. (McKinney's Cons. Laws of N. Y. Book 1, § 51.) Statutes similar to the present one have been held to be prospective only in their operation. For instance, section 326 of the Negotiable Instruments Law provided a short statute for the recovery of funds by a depositor where the bank had paid out on a forged check. This section was held to be one of substantive law and not to be taken retroactively. (*Shattuck* v. *Guardian Trust Co.*, 204 N. Y. 200.) To the same effect, see *Pratt* v. *Union National Bank* (79 N. J. L. 117, affd. 81 N. J. L. 588).

The present statute does not in terms establish a Statute of Limitations. It rather sets up a definite short period within which notification of the forged or unauthorized endorsement must be given to the drawee bank. In other words, it creates a condition to a claim of ultimate liability.

Whenever the Legislature limits the time for commencing a cause of action or limits the time to perform some condition precedent to starting an action, so far as the party affected is concerned, a valuable right is being restricted. Hence, a reasonable time in which to act must be provided.

To give this statute retroactive effect would deprive plaintiff of his cause of action because notice was not given at a time when no notice was required. That the Legislature never intended such result seems obvious.

The order, so far as appealed from, should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Order, so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements, and motion granted.