296

## COMMANDER–LARABEE MILLING CO. v. MANUFACTURERS & TRADERS TRUST CO.

### Civ. No. 2139.

District Court, W. D. New York.

April 9, 1945.

Saperston, McNaughtan & Saperston, of Buffalo (Richard H. Wile, of Buffalo, of counsel), for plaintiff.

Babcock, Newbury & Russ, of Buffalo (Hugh McM. Russ, of Buffalo, of counsel), for defendant.

KNIGHT, District Judge.

The defendant has moved for an order directing the plaintiff to serve a bill of particulars. The sole question left for determination is whether the plaintiff should furnish the defendant with information as to when the checks referred to in the complaint were returned by the defendant to the plaintiff. The question of the right of the defendant in this respect rests upon the interpretation of Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as applied to the facts herein.

Section 43 of the Negotiable Instruments Law of the State of New York, Consol. Laws N.Y. c. 38, reads as follows: "No national bank or banking organization as defined in the banking law shall be liable to a depositor for the payment by it of a check bearing a forged or unauthorized endorsement unless, within two years after the return to the depositor of the voucher of such payment, such depositor shall notify the bank that the check so paid bore such forged or unauthorized endorsement."

This section became effective on March 13, 1941.

This suit is brought to recover the amount of numerous checks properly drawn by the plaintiff but upon which the payee's endorsement was forged. The complaint includes a detailed statement of the forged signatures, the dates when the checks were cashed by the defendant and the amount. It will be noted that the statute provides that the bank shall not be liable unless depositor notifies it of the forgery or unauthorized endorsement within two years after the return of the voucher to the depositor.

Attention of the court has been called to the case of Bloch v. Schwartz, 266 App. Div. 188, 41 N.Y.S.2d 837, in which Section 43 received consideration, and also to the case of Shattuck v. Guardian Trust Co., 204 N.Y. 200, 97 N.E. 517, in which Section 326 of the Negotiable Instruments Law of New York was considered and the language of which for comparison here is parallel. The only material difference in the language of the two sections is that Section 326 relates to forged or raised checks while, as stated, Section 43 relates to forged endorsements, and also the former fixes a one-year notification period and the latter a two-year period. Neither of these cases construes the limitation period as a statute of limitations. The Shattuck case points out that there may be circumstances under which the plaintiff should affirmatively allege compliance with the statute, and that there may be instances in which the defendant should plead non-

compliance with the statute as a defense. Whatever the circumstances may be, the question here is whether the information sought is necessary for the defendant to prepare its responsive pleading. The fact that it may be said that normally the defendant bank would have the information as to when these paid checks were returned is not necessarily any bar to the obtaining of the information as sought herein.

We may well conclude that upon furnishing this information the defendant may serve a responsive pleading, or it may prior thereto make a motion to strike certain of the items charged upon the ground that the defendant is not liable therefor under Section 43, supra. Rule 12(e), supra, has been construed almost an innumerable number of times. The question of its application in each case depends upon its own particular facts, but the rule should be construed liberally to carry out its purpose. I think the plaintiff should furnish the information it seeks, in so far as it is able to do this.