COMMANDER–LARABEE MILLING CO. v. MANUFACTURERS & TRADERS TRUST CO.

Civil Action No. 2139.

District Court, W. D. New York.

June 12, 1945.

342

Saperston, McNaughtan & Saperston, of Buffalo, N. Y. (Richard H. Wile, of Buffalo, N. Y., of counsel), for plaintiff.

Babcock, Newbury & Russ, of Buffalo, N. Y. (Hugh McM. Russ, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

This action is brought to recover the amount of numerous checks properly drawn by plaintiff, but upon which the payee's endorsement was forged. We have previously considered this matter to some extent, and on April 9, 1945, we ordered plaintiff to serve a bill of particulars. 4 F.R.D. 296.

Defendant now moves under Rules 12(b) and (f), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the complaint and the bill of particulars for an order dismissing and striking out that portion of the complaint seeking to charge the defendant with liability for payment of the plaintiff's checks on which the endorsement of the payee was forged and which were issued by plaintiff (1) on and between March 13, 1941, and June 30, 1942, and (2) on such checks issued prior to March 13, 1941, because no cause of action is stated as to the forgeries within those periods covered and therefore they were irrelevant, immaterial and impertinent.

Defendant's motion is based on Section 43 of the Negotiable Instrument Law of the State of New York (c. 87 of the Laws of 1941, Consol.Laws N.Y. c. 38), which reads:

"No national bank or banking organization as defined in the banking law shall be liable to a depositor for the payment by it of a check bearing a forged or unauthorized endorsement unless, within two years after the return to the depositor of the voucher of such payment, such depositor shall notify the bank that the check so paid bore such forged or unauthorized endorsement. § 2. This act shall take effect immediately."

The provisions of section 43 are not contained in the Uniform Negotiable Instruments Act, 5 Uniform Laws Annotated. Plaintiff first notified defendant of the alleged forgeries on July 7, 1944. The statute exonerates defendant from liability for any forged checks issued between March 13, 1941, and June 30, 1942, because the check vouchers admittedly had been in plaintiff's hands more than two years without any notification to defendant, as required by Section 43. Plaintiff in its brief concedes this portion of the motion, and as to this the motion is granted. (2) As to the second part of the motion, defendant claims exoneration because plaintiff received and held these check vouchers more than two years after the enactment of section 43, effective March 13, 1941, before notifying defendant that the payee's endorsement was forged. The sole issue is whether or not section 43 has any effect upon forged endorsements made prior to its effective date. Plaintiff claims to have a vested right to have a six year period in which to discover the forgeries, and that section 43 is prospective and not retrospective. The six year period of limitations was the only bar prior to the enactment of section 43. Defendant asserts that the section is analogous to a statute of limitation; that it relates only to a form of procedure or a mode of attaining rights; does not affect vested rights and that it was well within the power of the lawmaking body to limit the time for giving notice.

Under federal or state law the rule is that the lawmaking body body may change laws relating to limitation of actions in pending cases. 1 McKinney's Consolidated Laws (N.Y.) Statutes, Section 59; Rexford v. Knight, 11 N.Y. 308; Lang v. Lutz, 180 N.Y. 254, 73 N.E. 24; Terry v. Anderson, 95 U.S. 628, 24 L.Ed. 365; Lamb v. Powder River Live Stcck Co., 8 Cir., 132 F. 434, 67 L.R.A. 558; Gilbert v. Ackerman, 159 N.Y. 118, 53 N.E. 753, 45 L.R.A. 118; People v. Wendel, 217 N.Y. 260, 111 N.E. 846, Ann.Cas.1916B, 701. But all statutes must be construed as prospective unless the language of the act clearly indicates the intent that it be

retrospective, and vested rights cannot be taken away.

"As a general rule a construction of a statute which will give it a retroactive operation is not favored by the courts. Thus it is said that all statutes are presumed to furnish a rule for future action only, and a law will not receive a retroactive construction unless its language, either expressly or by necessary implication, requires that it be so construed." McKinney's, supra, Sec. 51. The Rules of Statutory Construction as to retroactive operation of statutes are set forth in Sections 51–61, and they are construed by the numerous cases cited under these sections.

"A retroactive law is invalid when it is retrospective and attempts to take away or impair rights vested under existing laws * * * or when it creates a new obligation or attaches a new disability to transactions already past." Railroad Co-op. Building & Loan Ass'n v. Boston Building Estates, 149 Misc. 349, 267 N.Y.S. 204, 206; Neild v. District of Columbia, 71 App.D.C. 306, 110 F.2d 246. The rule in the federal courts is definitely stated in United States F. & G. Co. v. United States, 209 U.S. 306, 28 S.Ct. 537, 539, 52 L.Ed. 804, as follows: "The presumption is very strong that a statute was not meant to act retrospectively, and it ought never to receive such a construction if it is susceptible of any other. It ought not to receive such a construction unless the words used are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied." And again, in United States ex rel. Feuer v. Day, 2 Cir., 42 F.2d 127, 128: "The courts refuse to give to statutes a retrospective operation whereby rights previously vested are injuriously affected unless compelled to do so by. language which clearly requires it." Society for the Propagation of the Gospel v. Wheeler et al., Fed.Cas.No.13,156, defines as retroactive a statute which attached a new disability in respect to "transactions * * * past * * *."

It seems to me that the applicable rule is that stated in 14 A.L.R. page 710 (relating to an analogous statute) as: "As a general rule a statute requiring a condition precedent to an action against a municipality for personal injury that a notice shall be given of the accident and a claim made by reason thereof within a limited time is not retroactive, and does not apply where the accident happened before the statute took affect." Numerous cases supporting this statement are. there cited.

The only case interpreting Section 43 of the Negotiable Instruments Law is Bloch v. Schwartz, 266 App.Div. 188, 41 N.Y.S.2d 837, 839. While in that case the demand for payment was made a little less than five months after Section 43 became law, but more than two years had passed since the return of the vouchers involved, the language of the court is most significant. The court clearly construes the statute as one of substantive law, and not as one to be taken retroactively. Stated the court: "The present statute does not in terms establish a statute of limitations. · * * * In other words, it creates a condition to a claim of ultimate liability." In Shattuck v. Guardian Trust Co., 204 N.Y. 200, 97 N.E. 517, 520, where the corresponding Section 326 of the Negotiable Instruments Law was considered, the court said: "We regard this as one of those general statutes which promulgate rules of substantive law * * *." Vide also: Pratt v. Union National Bank, 79 N.J.L. 117, 75 A. 313.

Section 43 does not by any expression make its application retroactive. No intent that it be retroactive can be clearly drawn from the language of the section. The statute creates a rule of substantive law. It is not a limitation statute nor is it to be construed as analogous to one, in so far as it affects vested rights of the plaintiff.

In accord with the foregoing it must be held that the defendant's motion as to checks prior to March 13, 1941, must be denied.