Arnold L. Fein, J.
On July 13, 1964, plaintiff and defendant Drake, partners in a dry-cleaning business, opened a checking account, requiring the signature of both partners to all checks, in a branch of defendant Manufacturers Hanover Trust Company, pursuant to a bank account agreement and authorized signature card furnished by defendant bank. The funds were provided by plaintiff. The first five checks were properly signed by both.
Plaintiff sues to recover $623.30, charged to the account by the bank, representing 12 checks signed by defendant Drake only, and paid by the bank between July 21,1964 and September 4, 1964, including one undated check, bearing an illegible indorsement, drawn to the order of a payee whose first name was omitted, only the title “ Mr.” being shown.
The oral complaint alleges breach of contract and “unauthorized taking and paying by the defendants of * * * the property of the plaintiff.” Defendant Drake interposed a general denial in person but defaulted on the trial.
Although every opportunity was afforded plaintiff to obtain an adjournment because of the absence of her attorney on the trial date, she insisted on proceeding to trial in person and the trial was so conducted.
The relationship between the bank and its depositor being that of debtor and creditor, the bank cannot charge the account of the depositor with moneys paid out without authority. (Critten v. Chemical Nat. Bank, 171 N. Y. 219; Maryland Cas. Co. v. Central Trust Co., 297 N. Y. 294; Shipman v. Bank of State of N. Y., 126 N. Y. 318; Gutfreund v. East Riv. Nat. Bank, 251 N. Y. 58; National Sur. Co. v. Manhattan Co., 252 N. Y. 247.) Although research has failed to disclose any New York cases directly in^ point, it is obvious that a check signed by one of two depositors, where both signatures are required, is not *1096 authority for such payment. (See Clyman v. Glasser, 39 Misc 2d 198; National City Bank of N. Y. v. Harbin Elec. Joint-Stock Co., 28 F. 2d 468; Maryland Cas. Co. v. Central Trust Co., 297 N. Y. 294; Murphy v. Franklin Sav. Bank, 131 App. Div. 759, holding that both depositors are necessary parties in an action to recover the amounts on deposit in the account; Lynch v. First Nat. Bank of Jersey City, 107 N. Y. 179, holding that even on a certified check payable “to myself or order”, the drawer’s indorsement was required.) The bank could only pay on the order of its depositor. The depositor here consisted of both parties to the contract with the bank. (Maryland Cas. Co. v. Central Trust Co., 297 N. Y. 294, 300.) The bank breached its contract by paying only on the signature of one.
It is undisputed that: (1) the bank’s statements, dated respectively July 31, August 31 and September 30, 1964, together with the cancelled checks for each month were mailed to defendant Drake and not to plaintiff, pursuant to the bank account agreement, and (2) plaintiff failed to notify the bank of the absence of her signature until December, 1964, far more than 30 days after such mailing and delivery. The bank pleads that (1) the bank account agreement relieves it of liability because of the failure to notify it within 30 days; (2) by reason of the foregoing an account was stated between plaintiff and the bank estopping plaintiff from now disputing the correctness of the statements; (3) it is incumbent on plaintiff to show the proceeds of the checks were not used for a business purpose; and (4) plaintiff’s loss was caused by her negligence in failing to notify the bank within 30 days and not any negligence on its part, entitling defendant to judgment on its counterclaim for negligence to the extent of any judgment granted plaintiff for bank’s breach of contract.
The cases cited by defendant in its support hold merely that the bank may escape liability for its breach of contract by establishing that the depositor has been guilty of negligence which contributed to or was the proximate cause of the loss and that the bank was free of any negligence. (Morgan v. United States Mtge. & Trust Co., 208 N. Y. 218, 222; Hammerschlag Mfg. Co. v. Importers' & Traders' Nat. Bank, 262 Fed. 266; Potts & Co. v. Lafayette Nat. Bank, 269 N. Y. 181; National Sur. Co. v. Manhattan Co., 252 N. Y. 247; Critten v. Chemical Nat. Bank, 171 N. Y. 219, supra; Stumpp v. Bank of N. Y., 212 App. Div. 608; Thomson v. New York Trust Co., 266 App. Div. 384.)
All of the cases cited by defendant involve either forgeries, alterations or diversion of depositor’s funds by fraudulent *1097 schemes involving partners or employees of the depositor or the bank or both. They all turn on the principles stated in Critten (supra), at page 228: “If the depositor has by his negligence in failing to detect forgeries in his checks and give notice thereof caused loss to his bank, either by enabling the forger to repeat his fraud or by depriving the bank of an opportunity to obtain restitution, he should be responsible for the damage caused by his default, but beyond this his liability should not extend”, and further at page 229 “ the liability of the depositor for neglect of his duty to examine and verify his account with the bank is limited to the damages sustained by the bank in consequence of such neglect.”
It is palpable that in forgery, alteration or other fraud cases the depositor is more likely to be in a position to detect the fraud and be chargeable with negligence in failing to do so and notify the bank. In the present case the bank already and at all times knew two signatures were required. This is the only notice plaintiff' could give the bank, knowledge it already had from the bank account agreement and signature cards in its possession. The bank was palpably negligent as to each check. It was not the failure of notice which caused the repetition of the fraud. (Gutfreund v. East Riv. Nat. Bank, 251 N. Y. 58, supra.) Under these circumstances there could be no account stated. (National Sur. Co. v. Manhattan Co., 252 N. Y. 247, supra.)
Moreover, the dates are significant. No notice could affect the checks covered by the July 31 statement. The 30-day period would end August 31, covering the August checks. The last check was paid September 4, 1964. Accordingly the notice would be largely academic, and the failure to give it not controlling. (National Sur. Co. v. Manhattan Co., supra; Critten v. Chemical Nat. Bank, supra; Shipman v. Bank of State of N. Y., supra, holding that an account stated in these circumstances can always be opened upon proof of fraud or mistake, clearly shown here.)
As to the effect of the failure of notice on the ability of the bank to seek restitution, it is noted that even at this late date the bank has not filed a cross complaint against the defendant Drake.
There is no adequate proof in the record whether the proceeds of the checks were used for business purposes. Contrary to the bank’s assertion, the burden is on it to establish that plaintiff sustained no damages. (Shipman v. Bank of State of N. Y., 126 N. Y. 318, supra; Lynch v. First Nat. Bank, 107 N. Y. 179, supra; Sundial Constr. Co. v. Liberty Bank of Buffalo, 277 *1098 N. Y. 137; Sweeney v. National City Bank of Troy, 263 App. Div. 418; Hillsley v. State Bank of Albany, 24 A D 2d 28.)
After trial, judgment for the plaintiff in the sum of $623.30, together with interest from September 4, 1964, against both defendants. Counterclaim of defendant bank dismissed.