■ BESSIE BILLINGS, as Administratrix, C. T. A. of the Estate of LILLIS COOPER, Deceased, Plaintiff, v. EAST RIVER SAVINGS BANK, Defendant and Third-Party Plaintiff-Respondent. MARTIN P. CLAYTON et al., Third-Party Defendants; MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Third-Party Defendant-Appellant.— Order entered September 13, 1968, denying third-party defendant-appellant's motion to dismiss the third-party complaint, unanimously reversed, on the law, with $50 costs and disbursements to the third-party defendant-appellant, and the motion granted, the action severed and the third-party complaint dismissed as to Morgan Guaranty Trust Company of New York. The depositor, the third-party plaintiff-respondent, having failed to give notice of the forged indorsements within three years from the date a statement of account accompanied by the checks was received from its bank, the third-party defendant-appellant, its claim against appellant is barred by both section 43 of the Negotiable Instruments Law and subdivision (4) of section 4–406 of the Uniform Commercial Code. These are not limitation statutes fixing the time within which action must be brought. They create a rule of substantive law, a statutory prerequisite of notice. A Statute of Limitations may be tolled; the bar of a condition precedent to liability may not be lifted. (*Shattuck* v. *Guardian Trust Co.*, 204 N. Y. 200, 209; *Bloch* v. *Schwartz*, 266 App. Div. 188, 190; *Cohen* v. *Manufacturers Trust Co.*, 144 N. Y. S. 2d 366, 370, *Commander-Larabee Milling Co.* v. *Manufacturers & Traders Trust Co.*, 61 F. Supp. 341; *Wm. M. Barrett, Inc.* v. *First Nat. Bank of Shreveport*, 191 La. 945.) Concur — Stevens, P. J., Eager, Markewich, Nunez and Tilzer, JJ.

■ In the Matter of DEBY SALAMA, Appellant, v. FELIX SALAMA, Respondent.— Orders of the Family Court entered on March 10, 1969, and May 28, 1969, unanimously affirmed, without costs or disbursements. The orders on appeal rule on applications for support of the petitioner wife and the child of the parties and for visitation rights. The testimony, while in accord as to the generalities of the incidents, differs markedly as to all important details which determine the inferences to be drawn from the conduct involved. We are unable from a reading of the record to conclude that the learned Trial Judge erred in his interpretation of the nuances of the testimony. However, we feel it may become significant to draw attention to the finding that the petitioner abandoned the respondent. The finding was justified, but it should be understood to apply to the situation as it was at the time of the hearing. In any possible subsequent proceeding it should not preclude the wife from asserting and, if possible, proving, that her attitude had changed and that she was prepared and willing to assume her wifely duties. Concur — Eager, J. P., Capozzoli, Nunez and Steuer, JJ.