KING-OF-ALL MANUFACTURING, INC. v GENESEE
MERCHANTS BANK & TRUST COMPANY

1. Banks and Banking—Uniform Commercial Code—Negotiable
   Instruments—Unauthorized Signature—Statutes.

   A company check bearing only one of the two signatures required
   by the company's agreement with its bank bears "an unautho-
   rized signature" of the company (MCLA 440.4406[4]; MSA
   19.4406[4]).

2. Banks and Banking—Uniform Commercial Code—Negotiable
   Instruments—Unauthorized Signature—Notice to Bank—
   Statutes.

   A company, which had an agreement with its bank that required
   two signatures on company checks, may not maintain an action
   against the bank after the bank paid from the company's
   account a number of checks which lacked one of the required
   signatures where the company failed to report the unautho-
   rized signatures to the bank within one year (MCLA
   440.4406[4]; MSA 19.4406[4]).

3. Banks and Banking—Uniform Commercial Code—Negotiable
   Instruments—Unauthorized Signatures—Notice—Statutes.

   A bank which refused to honor five checks drawn on a company's
   account, after discovering that one of the two required signa-
   tures was lacking, did not thereby receive notice that company
   checks which the bank had previously honored contained unau-
   thorized signatures (MCLA 440.4406[4]; MSA 19.4406[4]).

Appeal from Genesee, Philip C. Elliott, J. Sub-
mitted April 14, 1976, at Lansing. (Docket No.
25472.) Decided June 15, 1976.

Complaint by King-of-All Manufacturing, Inc.,
against Genesee Merchants Bank & Trust Co. for
damages arising out of the allegedly improper

Reference for Points in Headnotes
[1–3] 10 Am Jur 2d, Banks §§ 547, 548.

payment by defendant of certain checks drawn on plaintiff's checking account. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Leitson, Dean, Dean, Segar & Hart, P. C.,* for plaintiff.

*Neithercut, Klapp, Shegos & Dillard,* for defendant.

Before: R. M. MAHER, P. J., and M. F. CAVANAGH and BEASLEY, JJ.

R. M. MAHER, P. J. From an order granting summary judgment in favor of defendant, plaintiff appeals.

The parties do not dispute the facts. Plaintiff is the successor to King Manufacturing Company, a sole proprietorship operated by Reta McInnes. The company had an agreement with defendant bank that required the signatures of both Robert McInnes, Reta McInnes' son, and Ronald Phillips on checks drawn on the company's account with defendant.

Between April, 1970 and August, 1972, defendant paid from the company's account a number of checks without the signature of Phillips. In September, 1972, defendant refused payment on five checks lacking Phillips' signature. In October, 1972, the company entered into a new agreement with defendant requiring different signatures on its checks. Plaintiff corporation, which acquired the causes of action of Reta McInnes d/b/a King Manufacturing Company in October, 1973, brought this action against defendant in February, 1974.

Defendant does not dispute plaintiff's allegation that payment of company checks lacking Phillips' signature violated the agreement between defend-

ant and the company. The defense asserted is the one year bar found in MCLA 440.4406(4); MSA 19.4406(4), which provides:

"(4) Without regard to care or lack of care of either the customer or the bank a customer who does not within 1 year from the time the statement and items are made available to the customer (subsection (1)) discover and report his unauthorized signature or any alteration on the face or back of the item or does not within 3 years from that time discover and report any unauthorized indorsement is precluded from asserting against the bank such unauthorized signature or indorsement or such alteration."

As did the trial court, we think this preclusion defeats plaintiff's action. Explanation of this position requires reference to several other Uniform Commercial Code provisions.

The "unauthorized signature" referred to in MCLA 440.4406; MSA 19.4406 is the signature of the *customer* "made without actual, implied or apparent authority and includes a forgery". MCLA 440.1201(43); MSA 19.1201(43). A customer is "any person having an account with a bank", MCLA 440.4104(1)(e); MSA 19.4104(1)(e), and this definiation encompasses the company. See MCLA 440.1201(28), (30); MSA 19.1201(28), (30), under which "person" includes "any * * * commercial entity".

Unless the company's signature appeared upon the checks, it could not be liable for them. MCLA 440.3401; MSA 19.3401. In fact, the words "King Manufacturing Company" appear twice on the checks, and the amounts stamped on the checks are preceded by "King Mfg. Co.". Because of the agreement between the company and defendant, neither Robert McInnes nor Phillips alone had

authority to execute the company's signature. Both of their signatures were necessary to make the signature of the company on a check an authorized one. The signature of the company on a check lacking Phillips' signature was an unauthorized signature of defendant's customer, the company. MCLA 440.4406(4); MSA 19.4406(4) is applicable here.

We recognize that both the Court of Appeals for the District of Columbia Circuit, in *G & R Corp v American Security & Trust Co,* 173 US App DC 215; 523 F2d 1164 (1975), and the Court of Appeals of Maryland, in *Wolfe v University National Bank,* 270 Md 70; 310 A2d 558 (1973), have refused to apply UCC § 4-406(4) when situations analogous to the present one were before them. Both courts, however, failed to grasp that the signature referred to in § 4-406(4) is the signature of the customer who alleges that his account has been improperly debited. The *Wolfe* opinion has been soundly criticized, see 6D Willier & Hart *UCC Reporter-Digest,* § 4-406, A16; Clark & Squillante, *The Law of Bank Deposits, Collections and Credit Cards,* 1975 Cum Supp, pp 3–4.

We think a recent decision of the Arkansas Supreme Court, *Pine Bluff National Bank v Kesterson,* 257 Ark 813; 520 SW2d 253 (1975), properly applied UCC § 4-406(4) to a controversy similar to the one now before this Court. Checks drawn on the account of a trust fund were paid even though the checks did not contain, as required, the signatures of the three trustees. Since the authorized signature of the trust fund required the joint signature of three trustees, a check drawn on the trust fund account with fewer signatures would have the unauthorized signature of the trust fund.

Plaintiff also argues if notice within one year is required by MCLA 440.4406(4); MSA 19.4406(4), this notice was obtained by defendant when it refused to pay the five checks in September, 1972 that lacked Phillips' signature. We disagree. The checks previously paid were no longer in defendant's possession. Defendant had no means of determining whether the signatures of the company on the earlier checks were unauthorized. In fact, it would seem that defendant's refusal to pay the checks would have encouraged the company to examine the checks previously charged against its account and notify defendant of the irregularities. There is certainly no basis to relieve the company of the duty imposed by MCLA 440.4406; MSA 19.4406.

Affirmed.