[Civ. No. 52785. Second Dist., Div. Four. Apr. 13, 1979.]

FAR WEST CITRUS, INC., Plaintiff and Appellant, v.
BANK OF AMERICA, Defendant and Respondent.

914

## COUNSEL

Lawson M. Brown and Earl J. Opsahl for Plaintiff and Appellant.

Harris B. Taylor, Ullar Vitsut and Marlene Mizrahi for Defendant and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—Plaintiff appeals from a judgment adverse to it after an order sustaining a demurrer to its second amended complaint. We reverse the judgment.

I

Plaintiff's first cause of action alleges that it opened a checking account with defendant bank and deposited therein substantial sums of money. The signature card for that account required two signatures and gave an address in Pacoima, California. Plaintiff's complaint then alleges that the bank permitted withdrawals from that account on the sole signature of plaintiff's then corporate secretary (Zonker) and sent periodic statements of the account to an address in Camarillo.[1] The pleading also alleges that the withdrawals were, to the bank's knowledge, deposited in Zonker's personal account with the bank and used by him for his own purpose.

The trial court, in sustaining a demurrer to that count, relied on section 4406 of the California Uniform Commercial Code, and respondent here relies on that same section. That section provides as follows:

"(1) When a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries or holds the statement and items pursuant to a request or instructions of its

---

[1] Plaintiff sought, and was denied, permission to amend its first cause of action to include the allegations as to missending the statements. On remand, permission so to amend should be granted.

customer or otherwise in a reasonable manner makes the statement and items available to the customer, the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature or any alteration on an item and must notify the bank promptly after the discovery thereof.

"(2) If the bank establishes that the customer failed with respect to an item to comply with the duties imposed on the customer by subdivision (1) the customer is precluded from asserting against the bank.

"(a) His unauthorized signature or any alteration on the item if the bank also establishes that it suffered a loss by reason of such failure; and

"(b) An unauthorized signature or alteration by the same wrongdoer on any other item paid in good faith by the bank after the first item and statement was available to the customer for a reasonable period not exceeding 14 calendar days and before the bank receives notification from the customer of any such unauthorized signature or alteration.

"(3) The preclusion under subdivision (2) does not apply if the customer establishes lack of ordinary care on the part of the bank in paying the item(s).

"(4) Without regard to care or lack of care of either the customer or the bank a customer who does not within one year from the time the statement and items are made available to the customer (subdivision (1)) discover and report his unauthorized signature or any alteration on the face or back of the item or any unauthorized indorsement, and if the bank so requests exhibit the item to the bank for inspection, is precluded from asserting against the bank such unauthorized signature or indorsement or such alteration. The burden of establishing the fact of such unauthorized signature or indorsement or such alteration is on the customer.

"(5) If under this section a payor bank has a valid defense against a claim of a customer upon or resulting from payment of an item and waives or fails upon request to assert the defense the bank may not assert against any collecting bank or other prior party presenting or transferring the item a claim based upon the unauthorized signature or alteration giving rise to the customer's claim."

Admittedly, the original complaint in this action was not filed within the one-year period provided for in subdivision (4) of that section.

However, we conclude that section 4406 is not applicable to the facts alleged but that the controlling statute of limitations is section 348 of the Code of Civil Procedure, which in pertinent part reads as follows: "To actions brought to recover money or other property deposited with any bank, banker, trust company, building and loan association, or savings and loan society or evidenced by a certificate issued by an industrial loan company or credit union there is no limitation."

The gravamen of the first cause of action is not that the bank disbursed funds on an "unauthorized" or forged signature, but that it disbursed without the necessary second signature. In all material respects, the present action parallels and goes beyond the facts in *Bullis* v. *Security Pac. Nat. Bank* (1978) 21 Cal.3d 801 [148 Cal.Rptr. 22, 582 P.2d 109]. In that case, the basis of plaintiff's complaint was that the bank had disbursed funds from the account of a decedent's estate on the signature of only one of two coexecutors and the Supreme Court applied section 348 as the applicable statute of limitations. The issue in the *Bullis* case was whether the bank was liable for not requiring a signature card calling for two signatures in the case of such an account; here that issue is not involved, since the bank did secure a joint-signature card and then ignored it. It follows that the case at bench is, if anything, even stronger for the application of section 348 than was *Bullis.*

We note that the bank appears to rely, in part, on the failure of plaintiff more promptly to discover the improper withdrawals, contending that plaintiff had an address in Camarillo, to which the periodic statements were sent. That claim, if of any merit, is a defense on the merits and not, under section 348, a ground of demurrer. However, on the record before us, the contention is without merit even as a defense. A depositor has the right to designate the place to which its periodic statements shall be sent; the fact that it may be doing business, in whole or in part, at some other address does not authorize a bank to disregard the address designated by the depositor and select some other address of its own choosing.[2]

## II

The second and third causes of action are common counts, based on the transactions involved in the first cause of action. Respondent supports the demurrer to those causes of action on the familiar theory that, where

[2]In any event, the bank cannot here rely on the failure of plaintiff more promptly to have protested the withdrawals. That defense is not open to a bank that has sent the statements to the defaulting employee. (See 3 Anderson Uniform Commercial Code (1971) § 4-406:10, p. 333.)

a common count is based on the same facts as those involved in another and demurrable cause of action, the pleader cannot avoid an applicable statute of limitations by relying on a longer statute provided for common counts. Since we hold that the first cause of action is not barred by any applicable statute of limitations, that contention necessarily fails.

### III

By the second amended complaint, filed 11 months after the original complaint was filed, plaintiff added a fourth cause of action, alleging a different set of unauthorized disbursements than those relied on in the first three causes of action. The bank's demurrer to that cause of action was based on the same statute of limitations that we have held above to be inapplicable to this case, and similarly was improperly granted.

The judgment is reversed.

Jefferson (Bernard), J., and Alarcon, J., concurred.

A petition for a rehearing was denied May 1, 1979, and respondent's petition for a hearing by the Supreme Court was denied June 7, 1979.