528 So.2d 42 (1988)
SOUTHERN CONTRACT CARPET, INC., Appellant,
v.
COUNTY NATIONAL BANK OF SOUTH FLORIDA, Appellee.
No. 87-2144.
District Court of Appeal of Florida, Third District.
June 21, 1988.
Rehearing Denied July 26, 1988.
*43 Diane H. Tutt, Litman, Muchnick, Wasserman & Hartman, Hollywood, for appellant.
Mamber & Savage and Steven M. Singer, North Miami Beach, for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
On May 10, 1983, although the deposit agreement with the appellant, Southern Contract Carpet, Inc., provided that withdrawals from its account could be made only by two required signatures, Jack Herman and Dorothy Herman, the appellee bank permitted a cash withdrawal of $35,000 on the basis of a withdrawal slip which contained only the signature of Dorothy Herman. On August 12, 1985, more than a year after Southern Contract had received a bank statement showing this withdrawal, it brought the instant suit against the bank for recovery of the $35,000. The lower court entered judgment for the defendant on the ground that the action was barred by the statute of limitations contained in section 674.406(4), Florida Statutes (1985) (section 4-406(4) of the Uniform Commercial Code):
(4) Without regard to care or lack of care of either the customer or the bank a customer who does not within 1 year from the time the statement and items are made available to the customer (subsection (1)) discover and report his unauthorized signature or any alteration on the face or back of the item ... is precluded from asserting against the bank such unauthorized signature or indorsement or such alteration.
The appellant contends that this provision is inapplicable essentially because the signature of Dorothy Herman was in itself an authorized signature and that the term "unauthorized" refers only to forged or altered signatures;[1] it claims that the pertinent statute of limitations is the five year provision for actions arising out of a simple breach of contract, the agreement with the bank establishing the account. See § 95.11(2)(b), Fla. Stat. (1985). We do not agree with this position and accordingly affirm the judgment below.
Our holding that the single-signature-when-two-are-required is an "unauthorized" one for 674.406(4) purposes is based largely on our interpretation of the most obviously pertinent source, the specific definition of the term in the UCC itself. Section 671.201(43), Florida Statutes (1985) states:
(43) `Unauthorized' signature or indorsement means one made without actual, implied or apparent authority and includes a forgery.
It seems quite clear that this definition includes the present situation in which only one of the two Hermans was "unauthorized" by the depositor corporation to withdraw, and the bank was "unauthorized" to *44 pay Southern Contract's money from its account. Provident Savs. Bank v. United Jersey Bank, 207 N.J. Super. 303, 504 A.2d 135 (Law Div. 1985); Rascar, Inc. v. Bank of Oregon, 87 Wis.2d 446, 275 N.W.2d 108 (Ct.App. 1978); see Jewett v. Mfgs. Hanover Trust Co., 48 Misc.2d 1094, 266 N.Y.S.2d 607 (N.Y. Civ. Ct. 1965); cf. Parent Teacher Ass'n Public School 72 v. Mfgs. Hanover Trust Co., 138 Misc.2d 289, 293, 524 N.Y.S.2d 336, 339 (N.Y. Civ. Ct. 1988). Even more clearly, the fact that an unauthorized signature includes a forgery is directly contrary to the appellant's position that, for practical purposes, only forgeries qualify under 674.406(4). While there is a wide split of authority on this precise point, we naturally enough believe that our conclusion is in accordance with the better reasoned decisions and texts which have considered the issue. Pine Bluff Nat'l Bank v. Kesterson, 257 Ark. 813, 520 S.W.2d 253 (1975); King-of-All Mfg., Inc. v. Genesee Merchants Bank & Trust Co., 69 Mich. App. 490, 245 N.W.2d 104 (1976); Jacoby Transport Systems, Inc. v. Continental Bank, 277 Pa.Super. 440, 419 A.2d 1227 (1980); Rascar, Inc. v. Bank of Oregon, 87 Wis.2d at 446, 275 N.W.2d at 108. Contra, e.g., G & R Corp. v. American Security & Trust Co., 523 F.2d 1164 (D.C. Cir.1975); In re Florida Airlines, Inc., 57 B.R. 113 (M.D.Fla. 1986); Wolfe v. University Nat'l Bank, 270 Md. 70, 310 A.2d 558 (1973). As is said in King-of-All Mfg., referring to the contrary authority:
We recognize that both the Court of Appeals for the District of Columbia Circuit, in G & R Corp. v. American Security & Trust Co., D.C. Cir., 523 F.2d 1164 (1975), and the Court of Appeals of Maryland, in Wolfe v. University National Bank, 270 Md. 70, 310 A.2d 558 (1973), have refused to apply UCC § 4-406(4) when situations analogous to the present one were before them. Both courts, however, failed to grasp that the signature referred to in § 4-406(4) is the signature of the customer who alleges that his account has been improperly debited. The Wolfe opinion has been soundly criticized, see 6D Willier & Hart UCC Reporter-Digest, § 4-406, A16; Clark & Squillante, The Law of Bank Deposits, Collections and Credit Cards, 1975 Cum.Supp., pp. 3-4.
King-of-All Mfg., 69 Mich. App. at 493, 245 N.W.2d at 105.
Since the action was commenced beyond the period provided by the thus applicable terms of section 674.406(4), the judgment below is
Affirmed.
NOTES
[1] The appellant also contends that the signature of Dorothy Herman was forged but concedes its inability to succeed in this contention under any possible view, including its own, of section 674.406(4).