*469 OPINION OF THE COURT
Frank Vaccaro, J.
This is an action to recover $108,500, the face amount of a check allegedly improperly paid by defendant bank, plus interest. Plaintiff moves pursuant to CPLR 3211 (b) to strike the sixth, seventh and ninth affirmative defenses set forth in defendant’s amended answer, which assert, respectively, that plaintiffs complaint is barred by UCC 3-406, 4-406, and the one-year "Statute of Limitations” under UCC 4-406.
The background of this matter is as follows: In July 1981, Robert John Rooney was appointed conservator of the estate of Margaret Young. Pursuant to requirements for the appointment, Mr. Rooney posted a surety bond obtained through Fireman’s Fund Insurance Company, the plaintiff herein. On October 26, 1981, Miriam Lazofsky, Esq., as the authorized representative of plaintiff, and Mr. Rooney entered into a joint control agreement with defendant bank which provided that checks drawn on the Young account were required to be signed by Mr. Rooney and countersigned by Ms. Lazofsky.
Between August 1981 and February 1983, a total of over 900 checks were drawn on the Young account. In August and September 1981, most checks contained both required signatures. However, beginning in October 1981 and continuing until February 1983, almost all checks drawn on the Young account, including the $108,500 check at issue which was dated February 8, 1982 and was paid on February 16,' 1982, contained only the signature of Mr. Rooney. The check at issue allegedly was used to purchase highly speculative stock, which is presently worthless.
In addressing plaintiffs instant motion, the court notes that UCC 3-406 provides, in pertinent part, that "[a]ny person who by his negligence substantially contributes to * * * the making of an unauthorized signature is precluded from asserting the * * * lack of authority * * * against a drawee * * * who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee’s * * * business” (emphasis supplied).
UCC 4-406 (1) provides that "[w]hen a bank sends to its customer a statement of account accompanied by items paid * * * the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature or any alteration on an item and must notify the bank promptly after discovery thereof’ (emphasis *470 supplied). If the customer fails to comply with this provision, the bank is protected from loss unless "the customer establishes lack of ordinary care on the part of the bank” (UCC 4-406 [2], [3]). However, if a customer does not report an unauthorized signature within one year from the time the statement and items are made available to him, the bank’s care or lack of care becomes irrelevant and the customer is precluded from asserting against the bank its unauthorized signature (UCC 4-406 [4]).
Plaintiff, in moving to dismiss defendant’s sixth, seventh and ninth affirmative defenses, contends that because UCC 3-406 and 4-406 refer only to an "unauthorized” signature, they are inapplicable to the check at issue which involves a missing signature. The court notes that there are no controlling New York cases directly addressing the issue of whether the absence of one of two or more required signatures constitutes an unauthorized signature under the UCC. This precise issue, however, has been addressed by courts in other jurisdictions. There is, however, a split of authority on the issue, with some courts ruling that such a signature does not constitute an "unauthorized signature” within the meaning of UCC 4-406 (see, e.g., G & R Corp. v American Sec. & Trust Co., 523 F2d 1164; Nagle v LaSalle Natl. Bank, 472 F Supp 1185; Far W. Citrus v Bank of Am., 91 Cal App 3d 913, 154 Cal Rptr 464; Madison Park Bank v Field, 64 Ill App 3d 838, 381 NE2d 1030; Wolfe v University Natl. Bank, 270 Md 70, 310 A2d 558) and other courts ruling that such a signature does constitute an "unauthorized” one (see, e.g., Spears Carpet Mills v Century Natl. Bank, 85 Bankr 86; Pine Bluff Natl. Bank v Kesterson, 257 Ark 813, 520 SW2d 253; King of All Mfg. v Genesee Merchants Bank & Trust Co., 69 Mich App 490, 245 NW2d 104; Provident Sav. Bank v United Jersey Bank, 207 NJ Super 303, 504 A2d 135; Rascar, Inc. v Bank of Oregon, 87 Wis 2d 446, 275 NW2d 108).
The courts which have taken the approach that such a signature does not constitute an "unauthorized” one focus upon each separate signature of the two necessary signatures and find that since the check contains no forgeries or alterations and the single signature was authorized by the customer, the absence of one of two or more required signatures is not an "unauthorized signature” within the meaning of UCC 4-406 (see, e.g., G & R Corp. v American Sec. & Trust Co., supra; Wolfe v University Natl. Bank, supra). This court, however, finds that this approach presents too narrow and hypertechni *471 cal a construction of UCC 4-406 since it circumvents the policy behind it, which is to require depositors to employ reasonable diligence in inspecting canceled checks and bank statements and to give timely notice of any irregularities (see, Spears Carpet Mills v Century Natl. Bank, supra; Rascar, Inc. v Bank of Oregon, 275 NW2d, supra, at 111, quoting 6D Willier & Hart, UCC Reporter-Digest § 4-406, A16).
The court finds that the better-reasoned approach is the view that such a signature does constitute an "unauthorized signature” within the meaning of UCC 3-406 and 4-406. The court notes that UCC 1-201 (43) defines an unauthorized signature as "one made without actual, implied or apparent authority and includes a forgery.” This definition focuses on the exercise of authority, as well as mandating that the signature not be an outright forgery. The Code does not contain a definition of a missing signature in either UCC 1-201 or 4-104. "The definitions promulgated in the code were intended to include all the circumstances which could arise in commercial transactions.” Thus, "[t]he promulgation of the code without such a definition, can be interpreted as the intent of the authors to include the same within the provisions of * * * 1-201 (43).” To decide that missing signature checks are not within the definition of UCC 1-201 (43) "would defeat the purpose of the code * * * and be counterproductive of the 'purposes and policies of the Act’ as set forth in * * * 1-102 (2)” (Provident Sav. Bank v United Jersey Bank, 207 NJ Super, supra, at 313, 504 A2d, supra, at 140-141; see also, UCC 1-102 [1]).
The courts which have held missing signature checks do not fall within the definition of checks having an "unauthorized signature” have been criticized as "fail[ing] to grasp that the signature referred to * * * is the signature of the customer who alleges that his account has been improperly debited” (King of All Mfg. v Genesee Merchants Bank & Trust Co., 245 NW2d, supra, at 105; see also, Rascar, Inc. v Bank of Oregon, 275 NW2d, supra, at 111).
In the case at bar, the customer was the estate of Margaret Young. When defendant, by the joint control agreement, was directed to pay only those checks bearing both the signature of Mr. Rooney and Ms. Lazofsky, a two-signature check was the "authorized signature” of the customer. The customer had not authorized defendant to pay a check containing only Mr. Rooney’s signature, so such a check with only one signature did not have an authorized signature. It was thus an "unau *472 thorized signature” within the meaning of UCC 3-406 and 4-406 (see, King of All Mfg. v Genesee Merchants Bank & Trust Co., supra; Rascar, Inc. v Bank of Oregon, supra).
Since the provisions of UCC 3-406 and 4-406 are applicable to the case at bar, plaintiff’s motion to dismiss must be denied. Furthermore, a motion to dismiss affirmative defenses pursuant to CPLR 3211 (b) searches the record and puts in issue the legal sufficiency of the complaint itself and, if found to be legally insufficient, the complaint may be dismissed even though no cross motion to dismiss has been made (Saler v City of New York, 96 AD2d 583, 584; Rand v Hearst Corp., 31 AD2d 406, 408, affd 26 NY2d 806).
Defendant contends that plaintiff’s claim is legally insufficient as it is time barred pursuant to UCC 4-406 (4) by plaintiff’s failure to report the unauthorized signature within one year from the time the bank statements of account accompanied by the items paid were made available to it. Defendant has submitted documentary proof showing that all canceled checks and monthly bank statements were mailed to Miriam Lazofsky at her designated address. It has also submitted the affirmation of its vice-president stating that at no time did Miriam Lazofsky ever notify the bank of any objection in connection with the check at issue or any other check paid with only Mr. Rooney’s signature. Indeed, defendant has submitted documentary proof showing that numerous checks with only Mr. Rooney’s signature continued to be paid by defendant for many months after the check at issue was drawn. Defendant asserts that the first notice it received relating to the alleged impropriety of the payment of the February 8, 1982 check was by letter from the Referee appointed by the court with respect to the final accounting required of Mr. Rooney. Said letter was dated March 5, 1984, approximately two years after the bank statement regarding this check was sent to Ms. Lazofsky.
Plaintiff has failed to submit any evidentiary proof controverting defendant’s assertion but has merely submitted an affidavit by Miriam Lazofsky which alleges that "[t]o the best of [her] recollection, [she] called NatWest to object to the payment of said check shortly after receipt of the bank statement enclosing same.” This unsubstantiated, conclusory and self-serving affidavit conspicuously fails to mention on what specific date Ms. Lazofsky orally communicated with defendant or to whom she spoke at the bank. It is thus *473 insufficient to establish the existence of a factual issue (see, Sherry v Queens Kidney Center, 117 AD2d 663, 664).
Accordingly, plaintiff’s motion to dismiss defendant’s sixth, seventh and ninth affirmative defenses is denied and plaintiffs complaint is hereby dismissed.