97 N.J. Super. 48 (1967)
234 A.2d 247
DURALITE COMPANY, INC., A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF-APPELLANT,
v.
NEW JERSEY BANK AND TRUST COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 1967.
Decided October 10, 1967.
*50 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. John F. McMahon argued the cause for plaintiff-appellant (Mr. Paul T. Murphy, attorney).
Mr. Allan A. Maki argued the cause for defendant-respondent (Messrs. Corbin & Maki, attorneys).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Plaintiff sued defendant bank for monies charged against plaintiff's accounts upon forged checks. The trial court granted summary judgment, holding that the action was barred by N.J.S. 17:9A-229.3. Plaintiff appeals.
Plaintiff maintained two accounts in defendant bank, one identified as the "dormant" account and the other as the "payroll" account. Plaintiff's bookkeeper forged checks totaling $62,476.37 on the dormant account and endorsements on checks totaling $2,713.87 on the payroll account, and cashed the checks. Plaintiff learned of the forgeries (but not the extent thereof) when its president checked the bank's June 1964 statement of the dormant account and found therein 27 checks to which his name had been forged. On June 10, 1964 he went to the bank with plaintiff's attorney and accountant and informed it of the 27 forged checks. At the request of an officer of the bank he wrote his name three times on a sheet of paper for purposes of comparison.
*51 On July 15, 1964 plaintiff's attorney wrote the bank that Duralite had discovered that the bookkeeper had "forged endorsements on ten pay checks * * *. The checks were on Account No. X-XX-XXX-X, the payroll account of Duralite * * *." His letter made no mention of the forgeries upon the dormant account.
This action was begun on September 2, 1965. N.J.S. 17:9A-229.1 through 229.3 provide as follows:

"17:9A-229.1 Accounting by banking institution to depositor
When a banking institution renders or has rendered to a depositor a statement of account, accompanied by vouchers, if any, which are the basis for debit entries in such account, or when a banking institution writes-up or has written-up a depositor's passbook to show the credits to and debits against the account, and delivers or has delivered such passbook to the depositor, with the vouchers, if any, which are the basis for the debit entries in such account, such acts shall constitute an accounting by the banking institution to the depositor.

17:9A-229.2 Conclusive presumption of correctness of accounting
Such accounting shall, after July first, one thousand nine hundred and fifty-three, or after six years from its rendition, whichever shall be the later, be conclusively presumed to be correct, and the depositor, and all those claiming through or under him, shall thereafter be barred from questioning the correctness thereof for any cause, in all courts and places, unless, before the expiration of the said six-year period, or before July first, one thousand nine hundred and fifty-three, whichever shall be the later, the depositor, or someone claiming through or under him, gives written notice to the banking institution questioning the correctness of such accounting.

17:9A-229.3 Conclusive presumption of correctness of accounting when notice given to bank questioning correctness
When written notice is given to a banking institution as provided by section two of this act [229.2], the accounting shall, after the lapse of one year from the date such notice is given, be conclusively presumed to be correct, and the depositor, and all those claiming through or under him, shall thereafter be barred from questioning the correctness thereof for any cause, in all courts and places, unless, within the said one-year period, an action is begun by the depositor, or by someone claiming through or under him, in which the correctness of the account may be determined."
Plaintiff argues that when this statute was passed (L. 1951, c. 166) it was not meant to apply to an action by a *52 depositor against a bank for payment on forged instruments; that such actions were then governed by N.J.S. 17:9A-226 (L. 1948, c. 67); that 226 was repealed with the adoption of the Uniform Commercial Code (in effect at the time of these forgeries); that forgeries are now governed by N.J.S. 12A:4-406 (which does not require written notice of forgeries, as did the repealed section 226), and that 229.3 does not apply to claims arising under said section 406. Plaintiff concludes that (unlike 226) 406 merely requires timely notice of forgery, and that action to recover the money may be instituted by the depositor within six years after demand, whether oral or written.
It seems to us that when 229.1 et seq. was adopted it was meant to supplement 226, for 229.5 provided that nothing in 229.1 et seq. was to "modify or affect the provisions of sections 226 and 227 of the act to which this act is a supplement." In short, 229.3 intended that when written notice of forgery was given, whether under 226 or 229.2, the depositor was bound to follow it with suit within one year. It is true that 226 was repealed, and that under N.J.S. 12A:4-406 (which took its place) oral notice is sufficient, but 229.1 et seq. was not repealed when the Code was enacted. N.J.S. 12A:10-104, 105; New Jersey Study Comment 2, under N.J.S. 12A:4-406; Rapson, "Article 4  Bank Deposits and Collections," 17 Rutg. L. Rev. 79, 102, n. 135 (1964). Consequently, we must enforce 229.1 to 229.3 as it is written. This means that today timely notice of forgery (or other challenge of the accounting) must be given, as required by N.J.S. 12A:4-406. This notice may be oral, but there must also be given the written notice of challenge of the accounting required by 229.2. The existence of 229.1 et seq. may thus be a trap for the unwary who may rely only on the Code. Cf. Union City Housing Authority v. Commonwealth Trust Co., 25 N.J. 330 (1957). Furthermore, a depositor may give oral notice timely under N.J.S. 12A:4-406, challenging the accounting, yet refrain from giving the written notice required by 229.2 until *53 long afterward, (but not longer than six years after the accounting). It may be incongruous that a depositor who gives early notice in writing may be barred by 229.3 long before the depositor who delays giving written notice, but the remedy for this incongruity and for the trap mentioned above must be provided by the Legislature.
It follows that plaintiff's claim for the $2,713.87 paid out of the payroll account is barred, since the suit was started more than a year after the letter of July 15, 1964 from plaintiff's attorney advising the bank of the forgeries upon that account. However, the record discloses no written notice from plaintiff to the bank with reference to the forgeries upon the dormant account. Defendant argues that the three sample signatures alone constituted written notice. If not, says defendant, then those signatures plus the plaintiff's oral statements to the bank, plus a letter sent to the bank by plaintiff's attorney on July 28, 1964 asking for copies of some of the checks forged upon the dormant account, added up to "written notice questioning the correctness of the accounting" sufficient to trigger the running of time under 229.3. Section 226 required the depositor to give notice in writing "that his signature was forged * * *." Assuming (without deciding) that the repeal of 226 made it unnecessary to be so specific, we hold nevertheless that asking for copies of checks did not constitute the "written notice * * * questioning the correctness of such accounting * * *" required by 229.2 and 229.3 to start the running of time within which to sue, even in the light of the sample signatures and the oral notice from the plaintiff.
The summary judgment is affirmed as to the claim for $2,713.87 upon the payroll account but reversed and remanded for trial as to the claim upon the dormant account. No costs.