233 N.J. Super. 621 (1989)
559 A.2d 872
MIDLANTIC NATIONAL BANK, A NATIONAL BANKING ASSOCIATION, PLAINTIFF,
v.
GEORGIAN, LTD., T/A BECK & BORNMANN AND JOSEPH LOGAN, DEFENDANTS.
Superior Court of New Jersey, Law Division Somerset County.
Decided March 17, 1989.
*622 Kenneth J. Wilbur, Esquire for plaintiff (Shanley & Fisher, attorneys).
Eric R. Breslin, Esquire for defendants (Evenchick & Breslin, attorneys).
ARNOLD, P.J.Cv.
In this action the plaintiff, Midlantic National Bank (hereinafter "Midlantic"), seeks to recover money which it lent to the defendant, Georgian Ltd. Defendant Logan guaranteed repayment. Defendants counterclaimed alleging that Midlantic improperly honored forged checks which had been drawn on Georgian Ltd.'s account at Midlantic. Midlantic filed a motion for summary judgment on its complaint and to dismiss defendants' counterclaim as time barred by N.J.S.A. 17:9A-229.3 which requires a depositor to bring suit within one year of providing written notice questioning the correctness of an accounting *623 (e.g. forgery). Because this court holds that the counterclaim sets forth a cause of action in equitable recoupment to which the statute is inapplicable, and because there is a factual dispute as to Georgian Ltd.'s damages, the plaintiff's motion is denied.
The facts which give rise to Midlantic's complaint and defendants' counterclaim are as follows. Defendant, Georgian Ltd. (hereinafter "Georgian"), is a manufacturer, importer and retailer of oriental rugs. Defendant Logan is the president and sole shareholder of Georgian. Since 1984, Georgian has done its banking with Midlantic. Georgian has borrowed money from Midlantic and has maintained checking accounts with Midlantic. Defendant Logan was the only person authorized to sign checks for Georgian. Mr. Logan alleges that on numerous occasions he rebuffed suggestions from officials at Midlantic that a facsimile signature stamp be used to provide the signatures on Georgian's checks.
In April 1986, Georgian hired Patricia Curtis to work in its accounting department. Seven months later, in November 1986, Mr. Logan discovered that Ms. Curtis had obtained a facsimile stamp of his signature and had used that stamp to fraudulently sign numerous Georgian checks and that these checks had been honored by Midlantic. Logan informed Midlantic of the misuse of the facsimile signature stamp sometime between November 1986 and January 1987.
Defendant Logan contends that the fraud perpetrated by Ms. Curtis left Georgian's business in a precarious financial situation and to remedy that situation Midlantic officials suggested that Georgian's line of credit be extended and that Georgian borrow more money from Midlantic. Defendant Logan further contends that he was told by Midlantic officials that repayment would be made on these loans from money that Georgian would receive from Midlantic and Midlantic's insurance company as a result of Midlantic improperly honoring the forged checks. Defendants maintain that as a result of these representations *624 Georgian borrowed money from Midlantic and Logan guaranteed repayment.
Midlantic investigated the alleged forgeries during 1987 and in early 1988 notified the defendants that Midlantic was not liable for improperly honoring forged checks. Later Midlantic demanded full payment on the loans, which then totalled about $91,000. When defendants did not repay the loans, Midlantic instituted the within action. Defendants in their answer asserted a counterclaim alleging that Midlantic negligently, carelessly and willfully honored forged checks. Defendants argue that even if N.J.S.A. 17:9A-229.3 would serve to bar a suit by them against the bank for honoring the forged checks because the counterclaim was not instituted within one year after written notice was given to Midlantic, it does not bar their counterclaim because the counterclaim states a cause of action in equitable recoupment. They assert that Georgian only borrowed money from Midlantic until either Midlantic or its insurance carrier repaid Georgian and that the loans and the forgeries are so intertwined as to be part of a single transaction. Defendants allege that the amount of the wrongfully honored checks may exceed the $91,000 owned to Midlantic.
Thus, the issue raised by this motion is whether the allegations raised by the defendants' counterclaim set forth a cause of action in equitable recoupment. More specifically, the issue raised is whether a loan made by a bank to a depositor as an interim measure while the bank investigates its liability to repay the depositor for allegedly improperly honoring forged checks constitutes a single transaction or related or connected transactions. For the reasons set forth below, this court holds that these circumstances constitute a single transaction and denies the plaintiff's motion for summary judgment.
Preliminarily, this court notes that N.J.S.A. 17:9A-229.3 does bar depositors from bringing suit challenging the correctness of an accounting (e.g. forgery) more than one year after the depositor has given written notice challenging the correctness *625 of the accounting. After the lapse of one year from the date of written notice, the accounting is conclusively presumed to be correct. The statute intends that when written notice of forgery is given to a bank the depositor is bound to follow it with suit within one year. Duralite Co. Inc. v. N.J. Bank and Trust Co., 97 N.J. Super. 48, 52 (App.Div. 1967). The enactment of New Jersey's commercial code, in particular N.J.S.A. 12A:4-406, did not repeal or supercede this one year statute of limitations. Id. at 52.
Thus, defendants are clearly prohibited from bringing suit against plaintiff for wrongfully honoring the forged checks. Defendants learned of the use of the unauthorized facsimile stamp in November of 1986. Defendants orally notified Midlantic of these alleged forgeries either in November 1986 (according to defendants) or in January 1987 (according to plaintiff). In any event, defendants gave written notice to plaintiff on or about January 14, 1987. Defendants filed their counterclaim, which asserted a cause of action for wrongfully honoring the checks, on or about August 8, 1988. The cause of action was asserted outside the applicable one year statute of limitations set forth in N.J.S.A. 17:9A-229.3.
Although the defendants may not raise this cause of action as a sword against Midlantic, they may raise it as a shield by way of counterclaim if the counterclaim sets forth a cause of action in equitable recoupment. See Gibbons v. Kosuga, 121 N.J. Super. 252, 256 (Law Div. 1972). Recoupment is never barred as a defense by the statute of limitations so long as the main action is timely. Beneficial Finance Co. of Atl. City v. Swaggerty, 86 N.J. 602, 609 (1981) quoting Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935).
A recent Tax Court opinion written by the Honorable Michael A. Andrew, Jr., J.T.C., thoroughly explained the equitable doctrine of recoupment as follows:
Recoupment is a word derived from the French word recouper, meaning to cut back. It is the `right of the defendant, in the same action, to cut down ... *626 plaintiff's demand....' 20 Am.Jur.2d, Counterclaim, Recoupment, and Set-off, Sec. 1 at 228 (1965). In general legal practice, recoupment is in the nature of a counterclaim raised as a defense by a defendant against whom a plaintiff has made some type of money demand. It is a practical and efficient procedure for settling all the demands of the parties in one suit. Nevertheless, any claim of recoupment must arise out of the identical transaction that provided plaintiff with a cause of action, and no affirmative relief may be granted independent of plaintiff's claim. Id. at 235-236; see also Beneficial Finance Co. of Atl. City v. Swaggerty, supra, 86 N.J. [602] at 609, 432 A.2d 512 (". .. recoupment may be utilized only to reduce or extinguish plaintiff's recovery." 86 N.J. at 609, 432 A.2d 512). As an equitable concept, judges invented the doctrine of equitable recoupment in order to avoid an unusually harsh or egregious result from a strict application of a statute of limitations. Smith v. United States, 373 F.2d 419, 422 (4 Cir.1966).
Superior Air Products Int'l. Inv. v. Taxation Div. Director, 9 N.J. Tax 463, 470-471 (Tax Ct. 1988) aff'd. per curiam 10 N.J. Tax 238 (App.Div. 1988).
In the Superior Air Products case, Judge Andrews gleaned three essential elements of equitable recoupment from three United States Supreme Court cases: Bull v. United States, supra, 295 U.S. at 247, 55 S.Ct. at 695; Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265 (1937), reh. den. 302 U.S. 777, 58 S.Ct. 260, 82 L.Ed. 601 (1937); and Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296 (1946). The three elements of equitable recoupment are:
(1) A single transaction, as opposed to related or connected transactions;
(2) An identity of interests among parties; and
(3) A need to balance the equities. Superior Air Products, supra, 9 N.J. Tax at 473.
In this case defendants argue that there is a single transaction because defendants would not have become indebted to Midlantic but for Midlantic's alleged negligence in honoring the forged checks. The certification of defendant Logan alleges that Midlantic loaned defendants money to keep Georgian's business afloat while Midlantic conducted an investigation into the use of the nonauthorized facsimile stamp and the *627 honoring of the checks. This certification states that Midlantic and defendants intended that these loans would be interim funds and that the loans would be repaid when Midlantic's insurance carrier compensated Georgian for the improperly honored forged checks. Based on this certification, which the court must accept as true for purposes of this motion, this court holds that the counterclaim and the main action are part of a single transaction. It would be farfetched to conclude that any liability on defendants' part on the loans arises out of merely a connected or related transaction.
This court also finds that there is an identity of interests in the parties in this case. Finally, the equities involved in this case indicate that the equitable doctrine of recoupment is manifestly appropriate. First, defendants allege that they executed the promissory notes only because Midlantic wrongfully honored the forged checks. Second, the one year statute of limitations expired while Midlantic was allegedly conducting an investigation into the matter of the forged checks. Third, defendants apparently were cooperating fully in Midlantic's investigation.
Therefore, the defendants' counterclaim will not be dismissed. Plaintiff's motion for summary judgment is denied.